UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| STEPHANIE L. TAYLOR, | ) | CASE NO. 1:14-cv-847 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| DEFENDANT. | ) | |

This matter is before the Court[1] on two motions: (1) the motion of plaintiff pursuant to Fed. R. Civ. P. 59 to alter/amend the Court's order granting in part and denying in part plaintiff's motion for attorney fees under the Equal Access to Justice Act ("EAJA"), and second supplemental application for attorney fees (Doc. No. 26 ["First Mot."]); and (2) plaintiff's unopposed motion for a ruling on the above-described motion (Doc. No. 27 ["Second Mot."]). No response was filed by defendant to the First Motion, and the Second Motion states that the defendant has affirmatively indicated that it will not oppose the First Motion. (Doc. No. 27 at 715.[2])

For the reasons that follow, the motions are granted.

**A. Background**

The original order granting in part and denying in part plaintiff's EAJA application for attorney fees reduced the number of hours sought by plaintiff for preparing and litigating the

---

[1] This closed case was assigned to the undersigned judicial officer on February 13, 2017.

[2] All references to page numbers are to the page identification numbers generated by the Court's electronic filing system.

attorney fee case pursuant to the holding in *Coulter v. State of Tennessee*, 805 F.2d 146, 151 (6th Cir. 1986)). (Doc. No. 25 ["EAJA Order"] at 709.) Plaintiff requested 5.8 hours at an hourly rate of $185.75 in connection with the attorney fee case, which was reduced by the Court to 1.15 hours. (*Id*.) With this reduction, the Court awarded fees in the total amount of $7,361.26.

After plaintiff's original attorney fee motion (Doc. No. 22) was briefed, *Coulter* was abrogated by *Northeast Ohio Coalition for the Homeless v. Husted*, 831 F.3d 686, 725 (6th Cir. 2016) ("[i]n light of [*Comm'r, I.N.S. v. Jean*, 496 U.S. 154 (1990)], we abrogate the *Coulter* rule that limits the hours allowed for preparing and litigating the attorney fee case to 3% of the hours in the main case"). Plaintiff's motion to alter/amend the EAJA Order pursuant to Fed. R. Civ. P. 59(e) argues that, in light of the decision in *Northeast Ohio Coalition for the Homeless*, the EAJA Order should be amended to add 4.65 hours (the difference between 5.8 hours and 1.15 hours) at a rate of $185.75, for an increase in the total award of $863.74. Plaintiff also requests a second supplemental award of 1.0 hour for the time spent researching and preparing the Rule 59 motion, for a total supplemental award of $185.75. (First Mot. at 712-13.) The new total sought, with the amended award and supplemental award is $8,410.75 ($7,361.26 + $863.74 + $185.75).

**B. Discussion**

Federal Rule of Civil Procedure 59(e) allows district courts to amend judgments where there is: "'(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Healthspot, Inc. v. Computerized Screening, Inc.*, No. 1:14 CV 804, 2015 WL 12746397, at *1 (N.D. Ohio Dec. 4, 2015) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005). The grant or denial of a Rule 59(e) motion lies within the sound discretion of the court. *Huff v. Metropolitan Life Insur. Co.*, 675 F.2d 119, 122 (6th Cir. 1982).

The Court concludes that it is an appropriate exercise of its discretion to apply the holding of *The Northeast Ohio Coalition for the Homeless* to plaintiff's EAJA application and grant plaintiff's motion to amend the EAJA Order. *See H.D.V. - Greektown, LLC v. City of Detroit*, 660 F. App'x 375, 378 (6th Cir. 2016) (remanding for recalculation of attorney fee award based on *The Northeast Ohio Coalition for the Homeless*, among other reasons). For the same reason, the Court grants plaintiff's second supplemental motion for an award of 1.0 additional hour of attorney fees expended in preparation of the motion to amend. Both the amended 4.65 hours, and supplemental 1.0 hour, are awarded at the original hourly rate of $185.75.

## C. Conclusion

For the reasons contained herein, plaintiff's motions are granted. The Court awards EAJA attorney fees to plaintiff in the total amount of $8,410.75. Pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 130 S. Ct. 2521, 177 L. Ed. 2d 91 (2010), an EAJA award may be subject to set-off by any pre-existing debt owed by plaintiff to the government. The Commissioner is ordered to determine, within 30 days from the date of this order, whether plaintiff owes a pre-existing debt to the government, to offset any such debt against the award granted herein, and to pay the balance to the plaintiff, or to plaintiff's attorney, in accordance with the provisions of any assignment plaintiff has made with respect to EAJA fees.

**IT IS SO ORDERED**.

Dated: February 15, 2017

　　　　　　　　　　　　　　　　　　　　　　　　_____
**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**